IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CANAL INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>CHLOE MCONNELL, WHEELING TRANSPORTATION COMPANY, DELBERT DAVIS, ACKERMAN WRECKER SERVICE, INC., ZURICH AMERICAN INSURANCE COMPANY, and CHARLES KELLIS TAYLOR,<br><br>    Defendants. | Civil Action File No. |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Canal Insurance Company ("Canal") files this Complaint for Declaratory Judgment against Chloe McConnell ("McConnell"), Wheeling Transportation Company ("Wheeling"), Delbert Davis ("Davis"), Ackerman Wrecker Service, Inc. ("Ackerman"), Zurich American Insurance Company ("Zurich"), and Charles Kellis Taylor ("Taylor"). In support, Canal shows the Court the following:

**I.    Nature of Action**

1. This case is a an action for declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Canal and the Defendants, i.e., whether Canal owes any insurance coverage obligations to the Defendants in connection with the underlying claims and lawsuit

asserted by McConnell against Wheeling, Canal, Davis, Ackerman, Zurich, and Taylor, now pending in the State Court of Bibb County, Georgia, styled *Chloe McConnell vs. Wheeling Transportation Co., Inc., Canal Insurance Company, Delbert Davis, Ackerman Wrecker Service, Inc., Zurich American Insurance Company, Charles Kellis Taylor, and John Does 1-5,* Civil Action 24-SCCV-098304 (the "Underlying Lawsuit").

## II. Parties, Jurisdiction, and Venue

2. Canal is a South Carolina corporation with its principal place of business in Greenville, South Carolina.

3. McConnell is domiciled in Florida, is a citizen of Florida, and intends to remain in Florida indefinitely.

4. Wheeling is an Illinois corporation with its principal place of business in Cook County, Illinois.

5. Davis is domiciled in Illinois, is a citizen of Illinois, and intends to remain in Illinois indefinitely.

6. Ackerman is a Delaware corporation with a principal place of business in Bibb County, Georgia.

7. Zurich is a New York corporation with a principal place of business in Schaumburg, Illinois.

8. Taylor is domiciled in Georgia, is a citizen of Georgia, and intends to remain in Georgia indefinitely.

9. The Court has jurisdiction over this action under 28 U.S.C. § 1332.

10. Plaintiff is a citizen of a different state than the Defendants.

11. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

12. This Court also has jurisdiction pursuant to 28 U.S.C. § 2201, in that Canal is seeking a declaration from this Court regarding the parties' rights and obligations with respect to an insurance policy issued by Canal.

13. Venue is proper in the U.S. District Court for the Middle District of Georgia, Macon Division, under 28 U.S.C. § 1391(b)(2).

### III.   Background Facts

14. On June 27, 2024, McConnell filed the Underlying Lawsuit.

15. A true and accurate copy of that complaint is attached hereto as Exhibit A.

16. In her complaint for damages in the Underlying Lawsuit, McConnell alleges that on or about August 13, 2022, she was travelling westbound on Interstate 16 when her vehicle began experiencing mechanical issues, so she pulled over to call for help.

17. McConnell alleges in the Underlying Complaint that Ackerman came to the scene and parked the tow truck in the right lane to attempt to start McConnell's vehicle.

18. McConnell alleges that both she and Ackerman's tow truck driver, Taylor, were outside of their vehicles.

19. McConnell alleges that at the same time, Davis was operating a 2021 Freightliner tractor-trailer westbound on Interstate 16 West while in the scope of employment with Wheeling.

20. McConnell alleges that Davis was supposed to be on a 34-hour reset and should not have been operating the tractor-trailer during this time and that Wheeling knew or should have known Davis was driving in violation of regulations.

21. McConnell alleges that Davis impacted her person with his tractor-trailer and caused her to impact the Ackerman tow-truck, causing her serious bodily injury (the "August 13, 2022 Incident").

22. McConnell alleges that Davis' failure to keep a proper lookout and fatigue contributed to the collision that forms the basis of the Underlying Lawsuit.

23. McConnell also alleges that Taylor's failure to completely remove the Ackerman tow truck from a lane of travel contributed to the collision that forms the basis of the Underlying Lawsuit.

24. McConnell alleges that Davis was negligent and negligent *per se*.

25. McConnell alleges that Wheeling was negligent and negligent *per se*.

26. McConnell alleges that Wheeling is vicariously liable for the negligent acts and omissions of Davis, as Davis was the employee and agent of Wheeling.

27. McConnell alleges that Wheeling negligently entrusted Davis with the tractor trailer at issue.

28. McConnell alleges that Taylor and Ackerman breached duties to act as a reasonable professional driver and Motor Carrier, respectively, and in doing so,

their negligence, combined with the negligence of Davis and Wheeling, caused the injuries and damages to McConnell.

29. McConnell alleges Wheeling was negligent in the hiring, retention, training, and supervision of Davis, and failed to create and enforce an adequate safety program which caused or contributed to the injuries to McConnell.

30. McConnell alleges that Ackerman was negligent in the selection, hiring, retention, training, entrustment, and supervision of Taylor, as well as failing to implement and enforce an adequate safety program which caused or contributed to the injuries of McConnell.

31. The Underlying Lawsuit seeks special, general, and punitive damages, and the recovery of attorney's fees and expenses.

32. In a letter dated July 3, 2023, counsel for McConnell demanded $1,000,000 from Canal to settle this matter.

### A. Taylor's Claim and Policy Exhaustion

33. Taylor, claiming serious injuries from the August 13, 2022 Incident, sought compensation under the Canal policy in effect at the time of the incident.

34. On February 28, 2023 a settlement was reached between Canal and Taylor for the bodily injuries he sustained in the August 13, 2022 Incident.

35. That settlement and a related environmental claim regarding the cleanup related to the August 13, 2022 Incident exhausted the remaining limits of the Canal policy.

## B. The Canal Insurance Policy

36. Canal issued insurance policy no. I-994271001-4 to Wheeling with a policy period of October 1, 2021 to October 1, 2022, with a $1,000,000 single combined limit of liability (the "Policy").

37. A true, accurate, and certified copy of the Policy is attached to this complaint as Exhibit B.

38. The Policy includes a Business Auto Coverage Form, which provides in part:

**BUSINESS AUTO COVERAGE FORM**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this Policy, the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions.

\* \* \*

**SECTION I-COVERED AUTOS**

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols may be used (in addition to the numerical symbols described in the Coverage Form) to describe the "autos" that may be covered "autos". The entry of one of these symbols next to a coverage on the Declarations will designate the only "autos" that are covered "autos".

**A. Description Of Covered Auto Designation Symbols**

\* \* \*

14: Only those "autos" you report to us for premium computation purposes in accordance with the applicable Liability and Physical Damage Monthly Reporting Schedule Endorsement attached to this policy. A covered "auto" does not include any "auto" you lease, hire, rent or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households.

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**A. Coverage**

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
>
> We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".
>
> We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. *Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.*[1]

39. The Policy's Business Auto Liability Coverage Form includes the following definitions, among others:

> **SECTION V – DEFINITIONS**
>
> **B. "Auto" means:**
> **1. A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or**
> **2. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.**

## IV. <u>Declaratory Judgment</u>

40. Canal is in a position of uncertainty or insecurity with respect to its rights, status, and other legal relations as to the Policy and its obligations (if any) with respect to the Defendants, the August 13, 2022 Incident, and the Underlying Lawsuit.

41. The Policy does not require a duty to defend the Underlying Lawsuit, nor any of the claims made in the Underlying Lawsuit, and will not cover any

---

[1] Emphasis added

indemnity or damages awarded therein, due to the Policy's exhaustion by payment of other settlements related to the August 13, 2022 Incident.

42. The Policy provides that Canal's duty to defend or settle ends when the Policy's limit of insurance has been exhausted by payment of judgments or settlements.

43. Canal exhausted the Policy's limit of insurance when it paid the remaining Policy limits pursuant to a settlement reached with Taylor on February 28, 2023.

44. Canal is entitled to a declaratory judgment that the Policy's limit of insurance has been exhausted and thus owes no duty to defend Wheeling or Davis under the Policy for the August 13, 2022 Incident or for the Underlying Lawsuit, because the Policy's limit of insurance has been exhausted and for other reasons set forth herein.

45. Canal relies upon and reserves its rights to rely upon other Policy provisions or legal principles discovered during this action that also may limit or exclude coverage.

WHEREFORE, Plaintiff Canal Insurance Company prays:

(a) That each and every Defendant be required to respond to the allegations set forth in this *Complaint for Declaratory Judgment*;

(b) That this Court declares that Canal has exhausted its Policy limit of insurance by payment of judgments or settlements;

(b)  That this Court declares that Canal has no duty to defend or indemnify Wheeling or Davis for the August 13, 2022 Incident or any of the related injuries, the Underlying Lawsuit (or any appeals in that lawsuit), or any judgments or awards in that lawsuit;

(c)  For such other relief as this Court deems just and proper.

Respectfully submitted,

**Bovis, Kyle, Burch & Medlin, LLC**

200 Ashford Center North
Suite 500
Atlanta, Georgia 30338-2668
(770) 391-9100
kjackson@boviskyle.com
ganderson@boviskyle.com

/s/ Kim M. Jackson
Ga. State Bar No. 387420
/s/ D. Garrett Anderson
Ga. State Bar No. 432444

*Counsel for Plaintiff Canal Insurance Company*